# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| WILLIAM DELEON NEPTUNE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:14-cv-03319-JMC |
| ) | |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, ) | **ORDER** |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon motion (ECF No. 35) by Plaintiff's attorney, Beatrice E. Whitten ("Counsel"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). On August 2, 2017, Counsel filed a Motion for Attorney's Fees seeking the authorization of payment for Counsel's representation in the captioned matter in the amount of $17,930.25. (ECF No. 35.) $17,930.25 amounts to 25% of Plaintiff's past due benefits withheld by Defendant. (See Notice of Award, ECF No. 35-3.) Defendant's Response to Plaintiff's Motion for Approval of Attorney's Fees notifies the court that she does not oppose Plaintiff's request for fees in the amount stated herein; however, Defendant notes that the fees are only for Counsel's time in court. (ECF No. 37.)

42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, . . . ." 42 U.S.C. § 406(b)(1)(A). When the contingency fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must

1

show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

After reviewing Counsel's supporting memorandum (ECF No. 35-1), Plaintiff's Attorney Fee Agreement (ECF No. 35-2), and the Social Security Administration's Notice of Award (ECF No. 35-3), the court concludes Counsel's request for attorney's fees satisfies the requirements of Grisbrecht and the reasonableness requirements of § 406(b)(1)(A).

Counsel has not previously received any compensation in this case. Previously, the Court granted $7,500 of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 34.) Normally, those funds are to be refunded to Plaintiff in full. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (noting that when both EAJA and 406(b) fees are awarded, a claimant's attorney, not the Commissioner, refunds to the claimant the smaller amount). However, the Federal government seized the entire EAJA fee to pay the claimant's child support debt, and Counsel did not receive any of the EAJA fee. See Letter from Dep't of the Treasury Bureau of the Fiscal Serv. to William Deleon Neptune (Apr. 12, 2016) (ECF No. 35-4.) As a result, Counsel is not required to remit the EAJA fee.

The court authorizes a payment to Counsel, Beatrice E. Whitten, for attorney's fees under 42 U.S.C. 406(b) in the amount of $17,930.25 being withheld from Plaintiff's past-due benefits. Counsel's Motion for Attorney Fees (ECF No. 35) is **GRANTED**, and the court orders Defendant to certify and release the $17,930.25 remainder of the past-due benefits to Counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 8, 2017
Columbia, South Carolina